# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

KAREN SELIG-PAED; KT, minor child of
KAREN SELIG-PAED; CT, minor child of
KAREN SELIG-PAED; and AT, minor child
of KAREN SELIG-PAED,

        Plaintiffs,

    v.

TRACY W. THOMSON, TERRY L.
CATHCART, ERIN HILL, and VALERIE
HALE,

        Defendants.

Case No. 10-CV-398-BLW

**ORDER OF DISMISSAL**

      Plaintiff filed a "Notice of Removal" (Dkt. 1) on August 6, 2010.  Plaintiff's "Notice of Removal" purports to remove a case (Case No. 054701661 DA) from the Second Judicial District Court for Farmington, Utah, Davis, County.  No pleadings or forms of process from this case are attached as required by 28 U.S.C. § 1446(a).  It appears from the Complaint she filed, however, that Plaintiff is attempting to remove a divorce and child custody action pending in Utah state court to this federal district court.

      This Court must *sua sponte* review all removed actions to confirm that federal jurisdiction is proper. 28 U.S.C. § 1446(c)(4) (stating that the "district court in which such a notice [of removal] is filed shall examine the notice promptly"); *Sparta Surgical Corp. v. Nat'l Ass'n. Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir.1998) ("If a district court

lacks subject matter jurisdiction over a removed action, it has the duty to remand it . . . ");
*Snell v. Cleveland, Inc.*, 316 F.3d 822, 824, 826 (9th Cir. 2002) (explaining that a "court may raise the question of subject matter jurisdiction, *sua sponte*, at any time"). Whether subject matter jurisdiction exists is a question of law. *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir. 1994). Removal jurisdiction is statutory and strictly construed. *Gould v. Mutual Life Ins. Co. of New York*, 790 F.2d 769, 774 (9th Cir. 1986). If there is any doubt as to the right of removal, jurisdiction must be rejected. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

## DISCUSSION

Plaintiff's "Notice of Removal" suffers from numerous procedural and substantive deficiencies, and under the most liberal construction, fails to state any cognizable claim for relief under federal court jurisdiction. The Court will address a few of the most obvious deficiencies.

As a matter of procedure, removal is available only to a defendant, except for a limited circumstance not applicable in this case. 28 U.S.C. 1441(a); *see Columbia Gas & Elec. Corp. v. American Fuel & Power Co.*, 322 U.S. 379, 383-84 (1944). Further, if removal were available in this case, Plaintiff would need to remove to the United States District Court for the District of Utah. 28 U.S.C. § 1441 ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending.")

**ORDER -2**

With regard to the substance of Plaintiff's "Notice of Removal," family law matters are within the exclusive jurisdiction of the state courts. *See Ankenbrandt v. Richards*, 504 U.S. 689, 112 S.Ct. 2206 (1992) (the United States Supreme Court has recognized a "domestic relations exception" to federal jurisdiction, which means that federal courts may not hear divorce, alimony, or child custody cases); *Buechold v. Ortiz*, 401 F.2d 371, 372 (9th Cir. 1968) (same). Plaintiff alleges that the purpose of her complaint is for the case to be "heard lawfully, under substantive evidence through unbiased and without prejudice, from a trial by jury of her peers IN COMMON LAW, under the Federal Rules of Civil Procedure . . . for the prevention of irreparable harm that the inferior court may cause against the 3 children who are in fear of their lives, by Tracy W. Thomson," who appears to be the father of the Plaintiff's children.[1] She also states that the state court case was handled wrongfully and with bias from the beginning because all of the defendants, including the Guardian Ad Litem, Custody Evaluator, and Mr. Thomson, are of the Mormon religion and support each other. Each of the Plaintiff's "counts" alleges that Defendant Tracy Thomson violated either the divorce decree or custody evaluator's recommendations, or otherwise placed a child in harm's way. Plaintiff appears to be seeking federal court review of a divorce and custody decree, which is not a matter of federal court jurisdiction. Accordingly, Plaintiff's Notice of

---

[1] Plaintiff does not appear to be an attorney and filed this action pro se. Plaintiff may not represent the interests of her children pro se. They must be represented by an attorney.

**ORDER -3**

Removal/Complaint allege no cognizable claim for federal jurisdiction.[2]

## ORDER

IT IS HEREBY ORDERED that this matter be DISMISSED for lack of jurisdiction.

DATED:  **November 8, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge

---

[2]Even assuming some arguable independent cause of action against the named defendant, there is no basis for federal court jurisdiction.  Whether as a defendant seeking removal to federal court, or a plaintiff bringing a claim in federal court, there must be allegations of federal jurisdiction.  Federal courts have original jurisdiction over cases "arising under the Constitution, laws or treaties of the United States,"  28 U.S.C. § 1331, or in which the citizenship of the parties is completely diverse and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a). Plaintiff alleges neither a basis for federal question jurisdiction nor either citizenship or a claim for monetary damages which meet the requirements for diversity jurisdiction.

**ORDER -4**